## McCRILLIS, by Gile his Guardian, *vs.* BART-
### LETT.

Where a complaint has been made to the judge of probate, by the selectmen of a town, setting forth that an individual, by excessive drinking and idleness, is wasting his estate, &c., and praying that a guardian may be appointed ; and a copy of the complaint and order of notice thereon has been filed with the clerk of the town in which he resides, pursuant to the statute ; an indorsement of a promissory note by him will transfer no interest in the note to the indorsee, if a guardian is afterwards appointed on that complaint.

If the indorsee receive the money on a note so transferred, an action for money had and received may be maintained against him, by the guardian, in the name of his ward.

But if he has received nothing on such note, an action for money had and received will not lie.

The statute avoiding the contracts of an idle person who is placed under guardianship, after a copy of the complaint and order of notice is filed with the town clerk, was not intended to render void implied contracts for necessaries.

And such person having a right to resist the appointment of a guardian, money furnished him, and aid rendered him, in making a proper defence against such appointment, in a case where there is apparently a reasonable doubt whether a guardian ought to be appointed, may be regarded as a necessary expenditure, for which an action or a set-off may be sustained, upon an implied promise.

ASSUMPSIT, for money had and received, in which the plaintiff claimed to recover the amount of certain notes endorsed and delivered by said McCrillis to the defendant, after the 18th day of March, 1835.

The defendant pleaded the general issue, and filed a set-off for services performed and monies expended.

It appeared that the selectmen of Nottingham, where said McCrillis resided, on the 18th day of March, 1835, presented to the judge of probate for said county, a complaint, setting forth that said McCrillis, by excessive drinking and idleness, was wasting his estate, &c., and praying that he might be put under guardianship—that an order of notice

was made thereon, and a copy of said complaint and order was duly filed with the town clerk of Nottingham, on the same day.   On a hearing afterwards upon said complaint, said Gile was duly appointed guardian, by the judge of probate, and on appeal, taken by said McCrillis, the decree was affirmed in this court, December term, 1835.

After said complaint was made, and said copies filed with the town clerk, McCrillis endorsed the notes in question to the defendant; and the services rendered and monies advanced by the defendant, as specified in his set-off, were performed and advanced for said McCrillis, in aiding and assisting him in opposing, and endeavoring to prevent, his being placed under guardianship.

One of the notes thus received by the defendant had never been collected, and he produced the same in court, upon the trial, and tendered it to the plaintiff.

A verdict was taken for the plaintiff, by consent, subject to the opinion of this court upon the foregoing case.

*W. W. Stickney,* for the plaintiff.

*James Bell,* for the defendant.

PARKER, J.   The statute of this state, after providing that the selectmen may make a complaint to the judge of probate, where any person, by excessive drinking, &c. shall so waste, spend or lessen his estate, &c. as thereby to expose himself or his family to want, or suffering circumstances, or to endanger or expose the town to which he belongs to charge for his or their support, enacts—" That no bargain ' or sale of real or personal estate, or contract of any nature ' whatever, made by a person under guardianship for vicious ' habits, after the appointment is made, and during the con-' tinuance of such guardianship, shall be valid in law.   And ' no such bargain, sale or contract shall be valid, if made ' after an attested copy of the complaint presented to a judge

' of probate upon which a guardian shall be afterwards ap-
' pointed, and the order of notice thereon, shall have been
' filed with the clerk of the town in which the person com-
' plained of resides ; unless the guardian, by an instrument
' under his hand and seal, shall afterwards approve and ratify
' the same." *N. H. Laws*, 341.

The transfer of the notes by McCrillis to the defendant
was made after the copies had been duly filed with the
town clerk ; and as a guardian was afterwards appointed on
said complaint, who has not ratified this transfer, it must be
held invalid, by the express provision of the statute, and the
notes remained the property of McCrillis. This action,
therefore, is well maintained, so far as the defendant has re-
ceived money upon the notes.

But the amount of the note which has not been collected
cannot be recovered in this suit. There is no ground upon
which that can be held to be money in the defendant's
hands.

The statute also avoids any special contract between Mc-
Crillis and the defendant, relative to the services and ex-
penditures mentioned in the defendant's set-off. Whatever
may have been the agreement between them, *quatenus* a
contract, it can have no operation.

But this provision of the statute must have a reasonable
construction. It cannot have been intended to render inva-
lid all implied contracts ; for such construction might expose
the party to actual suffering for the necessaries of life, or
oblige the town to maintain him and his family as paupers
for a time, when he had ample means for their support ; and
thus produce the very mischief it was intended to prevent.
And we are opinion that it cannot be construed to prevent
the party from binding himself for necessary expenditures,
by an implied contract, although a note, or special contract
for price or time of payment, would come within its prohi-
bition.

Whether the defendant is entitled to recover any thing

McCrillis by Gile
vs.
Bartlett.

on his set-off will depend, therefore, upon the question whether those services and expenditures can be regarded as necessary and proper expenditures in resisting the complaint upon probable grounds of success. McCrillis undoubtedly had the right to resist that application. He may have been unable so to do, unless he could in some way raise money for the purpose. But he could neither sell nor borrow, by reason of the statute. Were the circumstances such that it was reasonable and proper that the defendant on his application should come in his aid in making a defence? If it was clear that a guardian ought to be appointed, there was no propriety in making a defence for the purpose of procrastination. But if it admitted of reasonable doubt, the statute, we think, could not have been intended to operate so as to deprive McCrillis of his right of trial, and ought not to be so construed.

An enquiry must be had, therefore, whether the services and expenditures were reasonable and proper, under the circumstances, and if so, to what extent; and for this purpose the verdict must be set aside, and a

*New trial granted.*